IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL ANTHONY CARTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:04CV1018<br>1:00CR64-1 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Anthony Carter, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury convicted Petitioner of conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846. (Docket no. 55.) The court sentenced him to 360 months in prison. (Docket no. 68.) Petitioner appealed, but the Fourth Circuit affirmed his conviction and sentence. (Docket no. 80.) The Supreme Court denied certiorari on June 17, 2002. (Docket no. 82.) Petitioner then filed a "motion for new trial" dated February 16, 2004, which this court dismissed without prejudice to Petitioner filing a section 2255 motion. (Docket nos. 83, 84.) Petitioner then filed this motion. (Docket no. 85.) Respondent has moved to dismiss this motion because it is time-barred. (Docket no. 87.) Petitioner has responded to that motion to dismiss. (Docket no. 89.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The government requests dismissal on the ground that the motion was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply

---

[1] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

to all Section 2255 motions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay*, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1).

Under subsection one of section 2255, Petitioner had one year from the date his conviction became final to file his section 2255 motion. His conviction became final on June 17, 2002, when the Supreme Court denied certiorari. *Clay*, 537 U.S. 522. Petitioner therefore had until June 17, 2003, to file his section 2255 motion. His motion is dated August 30, 2004. (Docket no. 85.) It was not timely filed under subsection one of section 2255. Only if another subsection gives Petitioner a longer filing period will it be timely.[2]

Subsection two allows the limitation period to run from the date on which an unlawful governmental impediment to making the section 2255 motion was removed, if the movant was prevented from making the motion by such governmental action. Petitioner does not allege or show that any such impediment existed, therefore subsection two does not give him a longer limitation period.

---

[2] Petitioner's "motion for a new trial" was dated February 16, 2004. (Docket no. 83.) Therefore, it also would not have been timely filed.

2

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if it has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. Petitioner does not allege or show that this subsection applies, and the court finds that it does not apply. Subsection three therefore does not give him a longer limitation period.

Subsection four allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Petitioner contends that this subsection does apply and that under it his filing is timely. (Docket no. 89.) His ground for relief is that he was denied due process and a fair trial because the government knowingly used false testimony to obtain his conviction. (Docket no. 85 at 4.) Petitioner names four witnesses against him whom he says falsely testified that they had been promised nothing in exchange for their testimony. (*Id*. and attached memorandum) He states that all of them received sentence reductions and "were likely promised a motion for same." (Docket no. 85 at 4.) Petitioner says that he only completed his "search for documents and information" to support his claim in September or October of 2003. (Docket no. 90 at ¶ 14.) The government contends that he could have discovered this information of the sentence reductions much earlier.

Courts recognize that information of public record, such as events depicted in court docket reports, may with due diligence be discovered by petitioners shortly after the information becomes part of the record. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (lack of a filing of a petition for review a matter of public record which reasonable diligence could have unearthed). Similarly, in this case Petitioner could have with due diligence discovered the facts underlying his claim, that these defendants received sentence reductions, by obtaining from the Clerk a copy of their public docket reports. Therefore, the question is when did these sentence reductions appear on the docket sheets of these defendants.

Petitioner has included as exhibits to his motion two of the motions for sentence reductions. (Docket no. 85, exs. A-1 and B-1.) These are the motions for Roger Wade which is dated June 21, 2001, and for Roland Davis dated November 2, 2001. These defendants' respective docket sheets show that the motion for Wade was granted on October 22, 2001 (No. 1:00CR90-1, docket no.17), and that the motion for Davis was granted on December 19, 2001 (No. 1:00CR138-1, docket no. 49). The docket sheet for Jeffrey L. Williamson shows that the court granted the government's motion for sentence reduction on November 15, 2000. (No. 1:00CR64-2, docket entry dated 11/15/2000.) Finally, the docket sheet for Edgar J. Galloway shows that the court granted the government's motion on July 3, 2001. (No. 1:99CR292-1, docket no. 14.) All of these dates are before the Supreme Court denied Petitioner's petition for writ of certiorari on June 17, 2002. Petitioner could have, with due diligence, discovered that these defendants received sentence reductions by the time his conviction became final in June of 2002. Subsection four therefore does not give Petitioner a longer limitation period.

The limitation period for petitioner's motion to vacate sentence is controlled by subsection one of section 2255, and under that subsection his motion is not timely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 87) be granted, and that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 85) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 2, 2005